UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 09-60796-CIV-ALTONAGA/Brown

**GB, L.L.C. d/b/a MAMMA NUNZIA'S
RESTAURANT**; and **KENLAND POINTE
CONDO IV ASSN, INC.**,

      Plaintiffs,

vs.

**CERTAIN UNDERWRITERS AT LLOYD'S
LONDON**, and **LLOYD'S UNDERWRITERS
AT LONDON**,

      Defendants.
_____/

## ORDER

**THIS CAUSE** came before the Court on the Defendants, Certain Underwriters at Lloyd's London and Lloyd's Underwriters at London's (the "Defendants[']") Motion for Reconsideration of the Court's April 16, 2010, Order Granting Leave to Amend [D.E. 139], or Alternatively, Motion for 28 U.S.C. § 1292(b) Certification ("Defendants' Motion") [D.E. 143], filed on April 28, 2010; and Plaintiff, GB, L.L.C. d/b/a Mamma Nunzia's Restaurant's ("GBLLC['s]") Motion to Reconsider Summary Judgment Granted in Favor of the Defendants ("Plaintiff's Motion") [D.E. 151], filed on May 4, 2010.  The Court has carefully considered the parties' written and oral submissions and the applicable law.

### I. BACKGROUND

This case originates from two storms that struck Florida in 2004 and 2005 that damaged three properties at issue for the two named Plaintiffs.  (*See* Kenland Summ. J. Order [D.E. 139] 3; GBLLC

Case No. 09-60796-CIV-ALTONAGA/Brown

Summ. J. Order [D.E.140] 1–2). The first property is owned by GBLLC, which acquired a commercial property insurance policy from the Defendants for a one-year term starting August 22, 2003 and ending August 22, 2004. (*See* GBLLC Summ. J. Order 2). On August 13, 2004 a hurricane struck Florida and caused substantial damage to GBLLC's property. (*See id.*). The two other properties at issue are owned by Plaintiff, Kenland Pointe Condo IV Assn, Inc. ("Kenland"), which also acquired a property insurance policy from the Defendants on both properties for one-year terms starting June 1, 2005 and ending June 1, 2006. (*See* Kenland Summ. J. Order 3). In October 2005, a hurricane struck Florida and caused substantial damage to Kenland's properties. (*See id.*). Both GBLLC and Kenland made claims on their policies and both eventually filed lawsuits alleging the Defendants failed to fully compensate them under their respective policies. (*See* Defs.' Mot. [D.E. 143] 3). The two cases were subsequently consolidated into one action that forms the present litigation. (*See id.*).

On November 13, 2009, Defendants filed separate motions for summary judgment against GBLLC [D.E. 88] and Kenland [D.E. 85]. On March 11, 2010, before the summary judgment motions were decided, GBLLC and Kenland filed a Motion to Intervene for the Purpose of Serving as Class Representatives and/or, in the Alternative, Motion for Leave to Amend ("Motion to Amend") [D.E. 125], seeking to add four new plaintiffs. On April 16, 2010, the Court granted Defendants' Motion for Summary Judgment against Kenland finding that although Kenland had standing when it first filed suit, its claim became moot on October 5, 2009 when Kenland accepted payment from the Defendants for the disputed dollar amount for the damage done to its properties. (*See* Kenland Summ. J. Order 17–19). In the same Order, the Court also granted GBLLC and

Case No. 09-60796-CIV-ALTONAGA/Brown

Kenland leave to file their proposed fifth amended complaint. (*See id.*).

Later, on April 26, 2010, the Court granted the Defendants summary judgment against GBLLC because GBLLC did not present sufficient evidence on which a jury could reasonably find for GBLLC that a hurricane deductible was wrongly applied to its claim. (*See* GBLLC Summ. J. Order 9). On the same day, the Fifth Amended Complaint was filed substituting four new plaintiffs for GBLLC and Kenland. (*See* Fifth Am. Compl. [D.E. 141]).

On April 28, 2010, Defendants filed Defendants' Motion asserting it was clear error for the Court to allow GBLLC and Kenland leave to amend their complaint because neither Plaintiff had standing when the Order was issued on April 16, 2010. (*See* Defs.' Mot. 5–15). Alternatively, the Defendants request two controlling issues of law be certified pursuant to 28 U.S.C. § 1292(b). (*See id.* 17–18). Additionally, on May 4, 2010, GBLLC filed its Motion for Reconsideration, arguing that the Court had misunderstood GBLLC's argument in its Opposition to Summary Judgment. (*See* Pl.'s Mot. [D.E. 151] 1). Specifically, GBLLC maintains the contrary statements by two claims adjustors as to whether a hurricane deductible was applied presents an issue of material fact. (*See id.* at 2–5).

## II.  LEGAL STANDARD

It is within the court's discretion to grant a motion for reconsideration. *See Chapman v. AI Transp.*, 229 F.3d 1012, 1023 (11th Cir. 2000). The policy favoring the hearing of a litigant's claim must be balanced against the desire to achieve finality in litigation. *See Lussier v. Dugger*, 904 F.2d 661, 667 (11th Cir. 1990); 11 Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, FEDERAL PRACTICE & PROCEDURE § 2857, at 256–57 (2d ed. 1995) (noting the vast majority of cases calling for liberal granting of Rule 60(b) motions involve default judgments). A motion to reconsider,

Case No. 09-60796-CIV-ALTONAGA/Brown

therefore, should not be used to present new arguments to the court, *see Mays v. U.S. Postal Serv.*, 122 F.3d 43, 46 (11th Cir. 1997), or to "relitigate old matters." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (citation omitted). Courts have relied on three primary principles to justify reconsideration: (1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Z.K. Marine, Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992); *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002) (stating "reconsideration of a previous order is an extraordinary remedy to be employed sparingly").

### III.  ANALYSIS

**A.  Defendants' Motion for Reconsideration**

Defendants' Motion fails to address or acknowledge the exacting standard that governs motions for reconsideration. The Defendants only specify in a footnote of their Reply that Defendants' Motion is based on clear error. (*See* Reply [D.E. 155] 1). Specifically, Defendants argue the April 16, 2010 Order granting GBLLC and Kenland leave to amend was clear error because neither Plaintiff had standing on the date the Order was entered. (*See id.*). The Defendants assert Kenland lost standing on October 5, 2009 when it received a payout on its policy making its claim moot. (*See* Defs.' Mot. 9–14). That may certainly be the case.

The Defendants' argument, however, is more precarious when it comes to GBLLC. The Defendants assert that "[b]ecause this Court determined that no separate hurricane deductible was applied to GBLLC's claim . . . , GBLLC suffered no injury in fact and therefore lacked Article III standing to institute this action." (*Id.* at 6). Defendants' contention is that a plaintiff who loses at

4

Case No. 09-60796-CIV-ALTONAGA/Brown

summary judgment because of a lack of evidence retroactively loses standing at all previous points of the litigation.  Defendants' position misses the mark.  The Court determined that GBLLC did not present sufficient evidence that a hurricane deductible was applied on which a jury could reasonably find in GBLLC's favor.  (*See* GBLLC Summ. J. Order 9).  In other words, summary judgment was proper against GBLLC because GBLLC had "fail[ed] to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (alteration added).  The Court did not make a finding that a hurricane deductible was not applied or that GBLLC lacked standing to bring suit.

*Mills v. Foremost Insurance Company* is instructive.  511 F.3d 1300 (11th Cir. 2008).  In *Mills* the court ruled the plaintiffs lacked standing to sue under an insurance policy and dismissed the case.  *See id*. at 1302–03.  The Eleventh Circuit reversed stating:

> The complaint alleges that the Millses had a mobile home, that Foremost issued an insurance policy covering hurricane damage to the mobile home, that a hurricane damaged the Millses' mobile home, that the Millses made a claim under the Policy for those damages, and that Foremost paid less on the claim than the Millses contend they are owed.  Thus, the Millses clearly had standing to sue for damages under the policy.

*Id*. at 1306–07.  The Eleventh Circuit determined that the decision on whether the plaintiffs were entitled to payment under the policy was not a standing issue.  *See id.* at 1307.  The present case is analogous.  GBLLC alleged it owns property for which the Defendants issued an insurance policy that covered hurricane damage; a hurricane damaged the property; GBLLC made a claim under the policy; and the Defendants paid less than GBLLC contends it is owed.  Like the situation in *Mills*, the Summary Judgment Order in this case was based on the merits of the case and not on a

5

Case No. 09-60796-CIV-ALTONAGA/Brown

determination that GBLLC had at any time in the litigation lacked standing. GBLLC's standing to sue has never been challenged until now.

The cases relied on by the Defendants are not analogous to the present litigation because none of the cases were decided on the merits of the evidence presented. *See Summit Office Park v. U. S. Steel Corp.*, 639 F.2d 1278, 1282–83 (5th Cir. 1981) (the court did not reach the merits of the case because during litigation, the United States Supreme Court ruled that indirect purchasers, such as the plaintiffs, could not bring antitrust claims in certain circumstances, including the circumstances of their case, thus eliminating the plaintiffs' cause of action); *Live Entm't, Inc. v. Digex, Inc.*, 300 F. Supp. 2d 1273, 1276–79 (S.D. Fla. 2003) (the court did not reach the merits of the case because the plaintiff, while moving the court to substitute another plaintiff, freely admitted it lacked standing and the court denied the substitution on standing grounds); *Turner v. First Wis. Mortgage Trust*, 454 F. Supp. 899, 913 (E.D. Wis. 1978) (plaintiff lacked standing due to a factually insufficient complaint); *Zangara v. Travelers Indem. Co. of Am.*, No. 1:05CV731, 2006 WL 825231 *2–3 (N.D. Ohio 2006) (same); *Zurich Ins. Co. v. Logitrans, Inc.*, 297 F.3d 528, 531–34 (6th Cir. 2002) (the court did not reach the merits of the case because the case was dismissed on a Rule 12(b)(6) motion).

Defendants' Motion is premised on the argument that both GBLLC and Kenland lacked standing at the time the April 16, 2010 Order was issued. Because GBLLC had standing on April 16, 2010, the Defendants' argument as to Kenland is of no consequence and need not be analyzed. It is sufficient that one of the two named Plaintiffs had standing and was properly before the Court. No clear error has been shown warranting a reconsideration of the Order granting the Plaintiffs leave to amend their complaint.

6

Case No. 09-60796-CIV-ALTONAGA/Brown

### B. Defendants' Motion for 28 U.S.C. § 1292(b) Certification

In the alternative, Defendants request that two issues be certified to the U.S. Court of Appeals for the Eleventh Circuit pursuant to 28 U.S.C. § 1292(b). Specifically:

> 1. Whether a plaintiff who never had standing to bring its claim may be granted leave to amend its complaint to substitute new parties and new class allegations.
>
> 2. Whether a plaintiff whose claims have become moot may thereafter be granted leave to amend its complaint to substitute new parties and new class allegations.

(Defs.' Mot. 15). Defendants again misread the Court's earlier decision in stating "[t]his Court itself determined that neither plaintiff had a personal stake in this litigation (and thus lacked current standing) . . . ." (*Id.* 15–16). The Court determined that GBLLC had not produced sufficient evidence that a hurricane deductible was applied to its claim to allow the case to go to a jury. This determination was based on the merits of the case, and GBLLC has had standing at all times during this litigation, including on April 16, 2010 when the Court allowed GBLLC leave to amend its Complaint. The first "controlling issue" does not accurately reflect the nature of this case. As to the second issue, at the time amendment was allowed, GBLLC's claim was not "moot." Therefore, Defendants' request for certification is denied.

### C. Plaintiff's Motion to Reconsider

GBLLC makes two primary arguments in Plaintiff's Motion. The first is that the Court misunderstood GBLLC's position in its Opposition to Summary Judgment.[1] GBLLC maintains that

---

[1] GBLLC's Opposition to Defendants' Motion for Summary Judgment chiefly discussed two "scenarios" that purportedly showed GBLLC was underpaid on its insurance policy. The Court determined these scenarios were based on conjecture and speculation and could not defeat a motion for summary judgment.

7

Case No. 09-60796-CIV-ALTONAGA/Brown

oral and written statements made by Jeffrey Higgins, an independent adjuster, that a hurricane deductible was applied are directly contrary to the statements of Gavin Coley, the Assistant Claims Manager who adjusted GBLLC's claim, that one was not. (*See* Pl.'s Mot. 2–3). In support of its position, GBLLC cites *Bankers Security Insurance Company v. Brady* and asserts the case stands for the proposition that Mr. Higgins was the "representative of the insurer." 765 So. 2d. 870, 872 (Fla. 5th DCA 2000). Additionally, GBLLC cites two Florida statutes and maintains that when "read together . . . [they] establish[] that the Statement of Loss that was prepared by Mr. Higgins and relied upon by Andrew Altieri in his adjustment of the claim . . . is . . . a . . . binding document . . . ." (Pl.'s Mot. 4); *see also* FLA. STAT. §§ 624.155(1)(b)2; 626.855.

There is no need to analyze the merits of GBLLC's underlying argument because GBLLC has failed to meet the high burden for reconsideration. GBLLC now presents case law, statutes, and affidavits available to it on February 16, 2010, when GBLLC filed its Opposition to Summary Judgment. *See Michael Linet, Inc. v. Vill. of Wellington, Fla.*, 408 F.3d 757, 764 (11th Cir. 2005) (a motion for reconsideration may not be used "raise argument or present evidence that could have been raised prior to the entry of judgment"). Consequently, GBLLC fails to meet the high standard for granting a motion to reconsider.

GBLLC's second argument asserts summary judgment should be reconsidered, even though GBLLC failed to present sufficient evidence to show a hurricane deductible was applied, because "there is, at a minimum, a disputed issue of material fact as to whether the Plaintiff is owed something additional from the Defendants." (Pl.'s Mot. 5). It appears this argument is based on a dispute over a $10,000 debris removal provision in GBLLC's commercial property insurance policy

Case No. 09-60796-CIV-ALTONAGA/Brown

and whether GBLLC received the payout on its claim. This is not, nor has it ever been, an issue GBLLC was litigating in this matter; therefore, GBLLC's argument again fails to meet the high standard for granting a motion to reconsider. *See Mays*, 122 F.3d at 46 (a motion to reconsider should not be used to present new arguments that were not presented in the underlying motion).

### III.  CONCLUSION

For the reasons herein, it is **ORDERED AND ADJUDGED** as follows:

1. The Defendants' Motion for Reconsideration **[D.E. 143]** is **DENIED**.

2. The Plaintiff's Motion to Reconsider **[D.E. 151]** is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 23rd day of June, 2010.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record