UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-60796-CIV-ALTONAGA/Simonton

RICHMOND MANOR APTS., INC., *et al.*,

        Plaintiffs,

vs.

CERTAIN UNDERWRITERS AT
LLOYD'S LONDON, *et al.*,

        Defendants.

_____/

## FINAL JUDGMENT AND
## ORDER OF DISMISSAL WITH PREJUDICE

**THIS CAUSE** came before the Court on Plaintiffs, Richmond Manor Apartments, Inc., The Gurkin Family Limited Partnership, Intracoastal Terrace Condominium Association, Inc., and Serena Vista Condominium Association, Inc.'s ("Representative Plaintiffs[']") Motion for Final Approval of Settlement and Certification of Settlement Class, Award of Attorneys' Fees and Costs and Representative Plaintiffs' Participation Awards . . . ("Motion") [ECF No. 315], filed September 6, 2011. Having held a Settlement Conference to consider Final Approval of the Settlement pursuant to Federal Rule of Civil Procedure 23(e) [ECF No. 318] ("Final Approval Hearing"), reviewed the docket and filings, and being otherwise fully advised, the Court makes the following findings:

        A.      The Representative Plaintiffs, on behalf of themselves and the Settlement Class and Defendants sued and who counter-sued in the above-captioned matter (the "Litigation") as Certain Underwriters at Lloyd's London, and Lloyd's Underwriters at London have entered into

Case No.  09-60796-CIV-ALTONAGA/Simonton

a Settlement of the claims asserted in the Litigation, on the merits and with prejudice upon the terms and conditions set forth in a Stipulation of Settlement and annexed exhibits dated May 27, 2011 [ECF No. 308] (collectively, the "Stipulation");

B.      The Court entered an Order [ECF No. 313] certifying the Settlement Class, for settlement purposes only, preliminarily approving the Settlement and providing for Notice to potential Settlement Class Members, scheduling a hearing for October 3, 2011, and providing Settlement Class Members with an opportunity to object to the proposed Settlement and to be heard at the Final Approval Hearing (the "Order for Notice and Hearing");

C.      Notice has been provided to the members of the Settlement Class in accordance with the Order for Notice and Hearing, as evidenced by the Declaration of Phil Cooper, of Kurtzman Carson Consultants LLC [ECF No. 315-1];

D.      The Court held the Final Approval Hearing on October 3, 2011, to determine whether the proposed Settlement of the Litigation on the terms and conditions provided in the Stipulation is fair, reasonable, and adequate and should be approved by the Court, and whether a Final Judgment as provided for in the Stipulation should be entered herein; and

E.      The Court has considered all matters submitted to it at the Final Approval Hearing, along with all prior submissions by the Settling Parties and others, and otherwise having determined the fairness and reasonableness of the proposed Settlement of the claims of the Settlement Class Members against the Released Parties.

Based on the foregoing, it is **ORDERED AND ADJUDGED** as follows:

Case No.  09-60796-CIV-ALTONAGA/Simonton

1.      This Final Judgment incorporates by reference the definitions in the Stipulation, and terms used herein shall have the same meanings as set forth in the Stipulation.

2.      The Court finds that it has jurisdiction over the subject matter of the Litigation, including the terms and conditions of the Stipulation and all exhibits thereto, and over all Settling Parties and Settlement Class Members;

3.      The Court finds that the distribution of the Settlement Notice, the publication of the Publication Notice, and the method of providing notice, all implemented in accordance with the terms of the Stipulation and the Court's Order for Notice and Hearing, constituted the best notice practicable under the circumstances, constituted due and sufficient notice to all persons and entities entitled thereto, and fully satisfied all applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c) and 23(d)), the United States Constitution (including the Due Process Clause), the Rules of this Court, and any other applicable law.

4.      Pursuant to Federal Rule of Civil Procedure 23(e), the Court hereby approves the Settlement as set forth in the Stipulation and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Settlement Class, and the Settling Parties are directed to consummate the Stipulation in accordance with its terms and provisions.

5.      Pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, the Court permanently certifies a Settlement Class consisting of all of Defendants' insureds who were issued a policy by one of Defendants' Coverholders and who have submitted a claim or claims for hurricane damage within the Applicable Time Period on a policy that completely omits the required language of Florida Statute section 627.701, where Defendants applied a

3

Case No.  09-60796-CIV-ALTONAGA/Simonton

Separate Hurricane Deductible, and where the insured incurred a loss as a result of the application of that Separate Hurricane Deductible.  Excluded from the Settlement Class are any Persons who provide notice to the Claims Administrator and Settling Parties of their determination to exclude themselves from the Settlement Class by filing a request for exclusion in response to, and in accordance with the requirements set forth in, the Settlement Notice and whose requests for exclusion are granted by the Court, and any Person who would otherwise be a Settlement Class Member but withdrew their claim for hurricane damage.  The Court finds that: (a) the Settlement Class Members are so numerous that joinder of all Settlement Class Members is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over individual questions; (c) the claims of the Representative Plaintiffs are typical of the claims of the Settlement Class; (d) the Representative Plaintiffs and Settlement Class Counsel fairly and adequately represent and protect the interests of the Settlement Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the instant controversy.

6.     The Court appoints as Class Representatives Richmond Manor Apartments, Inc., The Gurkin Family Limited Partnership, Intracoastal Terrace Condominium Association, and Serena Vista Association, Inc.

7.     The Court appoints as Class Counsel and Settlement Class Counsel Edward H. Zebersky and Todd S. Payne of Zebersky & Payne, LLP, and Seth E. Miles, Neal A. Roth, and David M. Buckner of Grossman Roth, P.A.

Case No.  09-60796-CIV-ALTONAGA/Simonton

8.      The Fifth Amended Complaint in the Litigation is hereby dismissed with prejudice and without costs as against the Defendants.

9.      Upon the Effective Date, the Representative Plaintiffs and each of the Settlement Class Members (other than those listed on Exhibit G to Phil Cooper Declaration who have validly excluded themselves from this Litigation) and their respective estates, heirs, and assigns hereby fully and unconditionally release, relinquish and forever discharge, covenant not to sue, and are forever enjoined from prosecuting, all Defendants who have met their funding obligations with regard to the Class Settlement Fund, their past or present subsidiaries, parents, and/or affiliates, successors and predecessors in interest, their assigns, acquirers, divisions, representatives, heirs, officers, directors, shareholders, agents, managing agents, employees, attorneys, auditors, accountants, underwriters, advisers, insurers, co-insurers, re-insurers, and/or consultants, and any person, firm, trust, corporation, officer, director or other individual or entity in which any Defendant has a controlling interest or which is related to or affiliated with any of the Defendants, the legal representatives, heirs, predecessors, successors in interest or assigns of the Defendants and/or any members of the immediate family of any Defendant, and the statutory corporation known as the Society of Lloyd's created by the Lloyd's Act (1871) and all of its officers, directors, employees, agents, divisions, affiliates, and assigns, from any and all direct, individual, representative, or class claims, debts, demands, rights, causes of action, or liabilities whatsoever, whether based on federal, state, local, statutory, or common law, foreign, international, or any other law, rule, or regulation, whether fixed or contingent, accrued or un-accrued, liquidated or un-liquidated, at law or in equity, matured or un-matured, whether class or

individual in nature, direct or derivative, including both known claims and unknown claims that arise out of, are based upon, are related to or on account of any of the claims that were or could have been asserted by the Representative Plaintiffs in this Litigation, including, without limitation, those specifically set forth in the Fifth Amended Complaint and any allegations of bad faith and/or unfair claims handling arising out of Defendants' implementation or application of a Separate Hurricane Deductible, except for claims to enforce the Settlement.

       10.    Upon the Effective Date, each Released Party shall be deemed to have, and by operation of the Order and Final Judgment shall have, fully, finally, unconditionally, and forever released, relinquished, and forever discharged, and covenanted not to sue, and shall be forever enjoined from prosecuting, each and all of the Settlement Class Members who do not validly request exclusion, Representative Plaintiffs, and Settlement Class Counsel (collectively, "Settlement Class Released Parties") from all direct, individual, representative, or class claims, debts, demands, rights or causes of action or liabilities whatsoever (including, but not limited to, any claims for compensatory damages, punitive damages, interest, attorney's fees, expert or consulting fees), whether based on federal, state, local, statutory or common law, foreign, international or any other law, rule or regulation, whether fixed or contingent, accrued or un-accrued, liquidated or un-liquidated, at law or in equity, matured or un-matured, whether class or individual in nature, direct or derivative, including both known claims and unknown claims that arise out of, are based upon, or in any way related to the institution, prosecution, assertion, settlement, or resolution of the Litigation, except for claims to enforce the Settlement.

Case No. 09-60796-CIV-ALTONAGA/Simonton

11.     Neither this Judgment, the Stipulation, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein shall be:

(a)     offered or received against the Defendants as evidence of, or construed as or deemed to be evidence of, any presumption, concession, or admission by the Defendants with respect to the truth of any fact alleged in the Litigation or the validity of any claim that was or could have been asserted in the Litigation or in any litigation or other proceeding, or the deficiency of any defense that has been or could have been asserted in the Litigation or in any litigation or other proceeding, or of any liability, negligence, fault or wrongdoing of the Defendants;

(b)     offered or received against the Defendants as evidence of, or construed as or deemed to be evidence of, any presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or document written, signed, approved or made by them or against the Representative Plaintiffs and the Settlement Class Members as evidence of any infirmity in the claims of Representative Plaintiffs and the Settlement Class Members;

(c)     offered or received against the Defendants or against the Representative Plaintiffs or the Settlement Class Members as evidence of a presumption, concession, or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Settling Parties, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to

7

effectuate the provisions of the Stipulation; provided, however, that the Defendants may refer to the Stipulation to effectuate the liability protection granted them thereunder;

(d)      construed against the Defendants or Representative Plaintiffs as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial;

(e)      construed as or received in evidence as an admission, concession, or presumption against the Representative Plaintiffs or the Settlement Class Members that any of their claims are without merit or that damages recoverable in the Litigation would not have exceeded the amount paid by the Defendants in settlement.

12.     The allocation of the Settlement is approved as fair and reasonable, and the Claims Administrator is directed to administer the Stipulation in accordance with its terms and provisions.

13.     Settlement Class Counsel is hereby awarded attorneys' fees and reimbursement of expenses in the amount of nine million dollars and no cents ($9,000,000.00), to be paid from the Settlement Fund.  The Court finds that Settlement Counsel's request for attorneys' fees and reimbursement of expenses is reasonable, and that the request is supported by the relevant factors, which have been considered by the Court.

14.     The Class Representatives are hereby awarded the sum of twenty-five thousand dollars and no cents ($25,000.00) each as Participation Awards, to be paid from the Settlement Fund.

Case No.  09-60796-CIV-ALTONAGA/Simonton

15.     The Court finds that Representative Plaintiffs and Defendants and their respective counsel have complied with each requirement of Federal Rule of Civil Procedure 11 as to all proceedings herein.

16.     This judgment constitutes the final discharge of all obligations of Defendants to the Settlement Class arising out of the Litigation.  The terms of Settlement and this Final Judgment and Order of Dismissal with Prejudice shall be forever binding on Defendants, the Representative Plaintiffs and all Settlement Class Members (other than those listed on Exhibit G to Phil Cooper Declaration who have validly excluded themselves from this Litigation) and shall have *res judicata* and other preclusive effect in all pending and future claims, litigation or other proceedings maintained by or on behalf of the Representative Plaintiffs or any Settlement Class Member (other than those listed on Exhibit G to Phil Cooper Declaration who have validly excluded themselves from this Litigation and any Person who would otherwise be a Settlement Class Member but withdrew their claim for hurricane damage) to the extent those claims, litigation, or other proceedings involve or arise from, directly or indirectly, any of the Settled Claims.

17.     Exclusive jurisdiction is hereby retained over the parties to the Litigation and the Settlement Class Members (other than those listed on Exhibit G to Phil Cooper Declaration who have validly excluded themselves from this Litigation and any Person who would otherwise be a Settlement Class Member but withdrew their claim for hurricane damage), whether or not such Settlement Class Member submits a claim, becomes an Authorized Claimant or receives a

9

Case No.  09-60796-CIV-ALTONAGA/Simonton

distribution from the Settlement Fund, for all matters relating to this Litigation, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Judgment.

18.     All Settled Claims, as described in the Stipulation, currently being asserted by or on behalf of any Settlement Class Member (other than those listed on Exhibit G to Phil Cooper Declaration who have validly excluded themselves from this Litigation and any Person who would otherwise be a Settlement Class Member but withdrew their claim for hurricane damage) in any forum are hereby permanently enjoined, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation.

19.     Without further order of the Court, the Settling Parties may enter into written agreements that amend, modify or expand the Stipulation and its implementing documents (including the exhibits to the Stipulation) provided that such amendments, modifications, or expansions of the Stipulation are not materially inconsistent with this Final Judgment and do not (a) materially limit the rights of Settlement Class Members under the Stipulation; (b) materially limit the rights of the Released Parties under the Stipulation.

20.     Settlement Class Counsel and Defendants' Counsel are hereby authorized to direct the distribution of the Settlement Fund as soon as reasonably practicable following the occurrence of the Effective Date.

21.     All agreements made during the course of the Litigation relating to the confidentiality of documents or other information produced in the Litigation shall survive the Stipulation and this Final Judgment.

Case No.  09-60796-CIV-ALTONAGA/Simonton

22.     The Clerk of Court shall close this case and any pending motions are denied as moot.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 11th day of October, 2011.

*Cecilia M. Altnaga*

**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record

11